

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**



| | | |
|---|---|---|
| EBONY M. WILLIAMS | ) | |
| 1740 Hudson bridge, Suite 1045 | ) | Civil Action No: |
| Stockbridge, GA 30281 | ) | |
|     Plaintiff, | ) | **16    6543** |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC | ) | |
| 507 Prudential Rd | ) | |
| Horsham, PA 19044 | ) | |
|     Defendant | ) | |
| | ) | |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, EBONY M. WILLIAMS, by and through herself

and for her Complaint against the Defendant, NCO FINANCIAL SYSTEMS INC.,

and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and

relating to the conduct of Defendants, to include all of its affiliates, subsidiaries,

and/or related entities, as well as all persons and entities acting on behalf of

Defendants, including but not limited to NCO FINANCIAL SYSTEMS INC.,

(hereinafter, NCOS), in negligently, knowingly, and/or willfully contacting

Plaintiff on her cellular telephone without her prior express consent within the meaning of the TCPA.  This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

2.  The Defendant violated the TCPA by contacting the Plaintiff on her cellular telephone via an "automatic telephone dialing system (ATDS) or predictive dialer" as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

4.  Venue is proper in this district pursuant to 28 U.S.C.  § 1391(b).

## PARTIES

5. EBONY M. WILLIAMS, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Henry, state of Georgia.

6. Defendant, NCO FINANCIAL SYSTEMS INC., is a Delaware Corporation with its primary headquarters located in the state of Pennsylvania, with an address of

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2

507 Prudential Rd, Horsham, PA 19044.

7.  At all relevant times, Defendant has conducted business in Georgia, solicited

business in Georgia, engaged in a persistent course of conduct in Georgia, or has

derived substantial revenue from services rendered in Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

8.  In 1991, Congress enacted the TCPA in response to a growing number of

consumer complaints regarding certain telemarketing practices.

9.  The TCPA regulates, inter alia, the use of automated telephone equipment, or

"predictive-dialers",  defined as equipment which "has the capacity…(a) to store or

produce telephone numbers to be called, using a random or sequential number

generator; and (b) to dial such numbers.  47 U.S.C. § 227(a)(1).  Specifically, the

plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make

any call to a wireless number in the absence of an emergency or the prior express

consent of the called party.[2]

10.  According to findings by the Federal Communications Commission (FCC), the

agency Congress vested with authority to issue regulations implementing the

TCPA, such calls are prohibited because, as Congress found, automated or

3

prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [3]

11. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices.  § 227(b) prohibits... the  use of automated telephone equipment;    (1) Prohibitions...It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—"

## ALLEGATIONS OF FACT

12. Plaintiff has received numerous phone calls from Defendant to her cellular telephone number (404)-988-28XX, seeking to collect an alleged debt.

13. Plaintiff has verified and documented over Forty (40) automated pre-recorded voice mail messages from (800)747-6058, (Defendant NCOS) throughout the months of October 2013 thru December 2013.

14.  The Plaintiff has documented proof that the Defendant NCOS basically called the Plaintiff's cellphone every day and sometimes multiple times on the same day

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

4

during the months of October, November, and December of 2013.

15.  On October 22, 2013, Plaintiff received multiple calls from the Defendant.

Frustrated and angered by the barrage of calls and voice mail messages, Plaintiff

answered the phone and heard an automated voice say **"Please hold for the next**

**available representative"** before being connected to a live agent, Plaintiff then

told the representative **"please stop calling my cell phone".**

16.  Plaintiff continued to receive phone calls and artificial voice messages on her

cell phone.  The Defendant left the following artificial voice message after the

Plaintiff had revoked consent to be contacted on her cellular phone:

**"This is an important message from NCO Financial Systems, a debt collection
company, this is an attempt to collect a debt and any information obtained
will be used for that purpose, please return the call to Alice Collins at (800)
747-6058….again that's Alice Collins at (800) 747-6058…Thank You…and
NCO Financial Systems is a debt collection company, this is an attempt to
collect a debt and any information obtained will be used for that purpose.
When calling please refer to ID Code 5Q50K…Thank you."**

17.  After telling the representative to stop calling her phone, Plaintiff received at

least forty (40) more unwarranted phone calls to her cell phone.

18.  The calls Plaintiff received were made using equipment that had the capacity

to store or produce telephone numbers to be called, using a random or sequential

number generator, and to dial such numbers.

19.   Plaintiff never consented to, requested, or otherwise desired or permitted calls from the Defendant using artificial voice messages for the purpose of debt collection or any other purpose.

20.   Whatever consent the Defendant may have had was revoked by Plaintiff and not permitted for the purpose of debt collection or any other purpose.

21.   Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of NCOS calls.  She was needlessly bothered and was forced to utilize minutes from her cell phone which could have been used for other purposes.

22.   Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA.  The continuous unwarranted phone calls are a nuisance, and caused additional data rate charges to her cellular telephone plan.

23.  Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time she received a phone call from the Defendant.

## QUESTIONS OF LAW

24.  Questions of law and fact include, but are not limited to, the following:

  a.  Whether Defendants made non-emergency calls to Plaintiff cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice;

  b.  Whether Defendants conduct was knowing and/or willful;

  c.  Whether Defendants are liable for damages and the amount of such damages.

6

## COUNT I

## KNOWING AND/OR WILLFUL VIOLATIONS
## OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

25.  The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

26.  Using prohibited equipment and without prior consent, the Defendants NCO
Financial Systems Inc., contacted the Plaintiff at least forty (40) times by means of
automatic telephone calls or pre-recorded messages at a cellular telephone or pager
in violation of 47 U.S.C. section 227(b)(A)(iii).

27.  The phone calls were made to Plaintiff without the number being provided to
Defendants or any other entity in connection with any debt, and without the prior
express consent of Plaintiff.

28.  As a result of the Defendant's knowing and/or willful violations of 47 U.S.C.
§ 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and
every call in violation of the statue, pursuant to  47 U.S.C. § 227(b)(3).

29.  An award of all fees and costs incurred by Plaintiff.

## PRAYER FOR RELIEF

a)  As a result of the Defendant's knowing and/or willful violations of 47 U.S.C.
§ 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and
every call in violation of the statue, pursuant to  47 U.S.C. § 227(b)(3);

7

Statutory damages pursuant to 47 U.S.C. section 227(b)(3)(B) & (C);

b) Actual damages from the Defendants for all damages including emotional

distress suffered as a result of the intentional, reckless, and/or negligent behavior

pursuant the TCPA;

c) A trial by jury on all issues so triable;

d) An award of all fees and costs incurred by Plaintiff;

e) Such other and further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 30 day of ___November___, 2016

Respectfully submitted,

Ebony M. Williams

1740 Hudson Bridge Rd
Suite 1045
Stockbridge, GA 30281
404-988-2811
ebonywilliams295@gmail.com

8